```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

AWAIS G. GULL,

            Plaintiff,                    MEMORANDUM AND ORDER
                                          25-CV-3641(KAM)(CHK)
     - against -

THE UNITED STATES OF AMERICA, THE
FEDERAL EMERGENCY MANAGEMENT AGENCY,
JOSEPH BENJAMIN HODGE, AND STEPHANIE
LEVERICH,

            Defendants.

------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On July 1, 2025, Plaintiff Awais G. Gull ("Plaintiff") commenced this action against the United States of America (the "United States"), the Federal Emergency Management Agency ("FEMA"), Joseph Benjamin Hodge ("Hodge"), and Stephanie Leverich ("Leverich" and with the United States, FEMA, and Hodge, "Defendants"), alleging, *inter alia*, that Plaintiff was injured on June 25, 2024 when a motor vehicle owned or operated by Leverich came into contact with both a motor vehicle operated by Plaintiff and a motor vehicle operated by Hodge. (*See* ECF No. 1 ("Complaint" or "Compl.") ¶¶ 23-26.)  According to paragraph 6 of the Complaint, on September 17, 2024, the administrative claim filed by Plaintiff was denied by the Department of Homeland Security on behalf of FEMA. (*See* Compl. ¶ 6.)  Thus, pursuant to 28 U.S.C. § 2401(b),

Plaintiff was required to commence this action by March 17, 2025, i.e., within six months of the agency's denial dated September 17, 2024 of his administrative claim.

On July 1, 2025, the Clerk's Office notified Plaintiff's counsel via ECF that Plaintiff's initial proposed summons was rejected because the date was incorrect and because Plaintiff failed to list all Defendants and their addresses in an attached rider to the summons. (*See* July 1, 2025 Text Order.) On July 14, 2025, Plaintiff filed a revised proposed summons, which was issued by the Clerk of Court on July 15, 2025. (ECF Nos. 4-5.)

On August 22, 2025, in anticipation of Plaintiff effecting timely service within 90 days of the date of the filing of the Complaint on July 1, 2025, Magistrate Judge Kaminsky scheduled an initial conference for September 30, 2025. (ECF No. 6.) By September 25, 2025, however, Plaintiff had not filed proof of service, and Magistrate Judge Kaminsky adjourned the initial conference. (Sep. 25, 2025 Text Order.) In the same order adjourning the September 30, 2025 initial conference, Magistrate Judge Kaminsky further cautioned Plaintiff that failure to file proof of timely service of the corrected summons and Complaint would result in dismissal of this action without prejudice. (*Id.*)

By October 2, 2025, Plaintiff had still not responded to Magistrate Judge Kaminsky's September 25, 2025 order, and, on October 2, 2025, the undersigned Judge issued an order to show

2

cause why this action should not be dismissed for failure to file proof of timely service of the summons and complaint as to any Defendant as required by Federal Rule of Civil Procedure ("Rule") 4(*l*) and (m). (Oct. 2, 2025 Order to Show Cause.) Specifically, the Court ordered that "by no later than October 9, 2025, Plaintiff must either file proof of service on all Defendants or show cause why Plaintiff did not timely request an extension to effect service. **Failure to comply will result in the dismissal of this action for failure to prosecute and failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b)**." (*Id.* (emphasis retained).) Plaintiff has not filed proof of service of the corrected summons and Complaint on any Defendant or responded to the Court's October 2, 2025 Order to Show Cause.

Pursuant to Rule 41(b) and the inherent power of courts to manage their own affairs, courts may *sua sponte* dismiss a complaint for failure to prosecute or for failure to follow court orders. *See Zappin v. Doyle*, 756 F. App'x 110, 111–12 (2d Cir. 2019) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)). A court considering whether to dismiss an action for failure to prosecute or comply with a court order must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by

3

> further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 112 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).  Here, the foregoing factors favor dismissal.

*First*, Plaintiff has taken no action to prosecute this case since filing the Complaint on July 1, 2025, including by failing to effect service of the corrected summons and Complaint and filing to respond to multiple Court orders.  Plaintiff continued to take no action despite Magistrate Judge Kaminsky's September 25, 2025 order, issued more than two weeks ago, and the Court's October 2, 2025 order to show cause, issued more than one week ago, that Plaintiff show cause by October 9, 2025 as to why this action should not be dismissed.  The deadline for Plaintiff to make his intentions known has passed.

*Second*, the Court's orders dated September 25, 2025 and October 2, 2025 put Plaintiff on notice that the Court would dismiss this action for failure to prosecute and failure to comply with court orders unless Plaintiff responded.  Plaintiff did not respond to either order or otherwise file anything in this action.

*Third*, "while the prejudice to defendant[s] and the burden on the Court are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'"  *Rozell v.*

4

*Berryhill*, No. 18-cv-969(AJN)(JLC), 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Defendants have an interest in having this case closed if Plaintiff does not intend to see it through.

*Fourth*, the Court must also consider the heavy demands of its docket. This action has been dormant since July 2025, and Plaintiff's counsel has not indicated that Plaintiff intends to move forward with this action, despite the Court's multiple orders to inform the Court of Plaintiff's intentions. "Since [P]laintiff has shown no interest in moving this case forward, the Court's need to reduce docket congestion outweighs the [P]laintiff's right to be heard in this case." *Phair v. Suffolk Cnty. Corr. Facility*, No. 19-cv-3302(GRB)(LB), 2020 WL 3489495, at *2 (E.D.N.Y. June 26, 2020); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311(SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration vital to the Court's ability to provide meaningful access to other litigants—depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed." (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982); C*hira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980))).

*Finally*, no lesser sanction will be effective in moving this

5

action forward. Plaintiff has ignored its obligation to prosecute this case, and ignored this Court's multiple recent orders to indicate how he intends to proceed. If the case is not dismissed, it will likely remain open and stalled for the foreseeable future.

Even if Plaintiff had complied with the foregoing deadlines to serve the corrected summons and Complaint, and even if Plaintiff had complied with multiple Court orders, this action would be time barred pursuant to 28 U.S.C. § 2401(b). The Court therefore lacks subject matter jurisdiction over this action and it is dismissed without prejudice. *See, e.g.*, *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020).

Accordingly, the case is hereby DISMISSED without prejudice for failure to prosecute, failure to comply with court orders, and because the action is out of time under Section 2401(b). The Clerk of Court is directed to enter judgment dismissing the case without prejudice, and to close the case.

**SO ORDERED.**

Dated: October 10, 2025
       Brooklyn, New York

_____
**Hon. Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York